U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

COURTNEY MONTREZ GREEN,

    Plaintiff,

vs.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINE,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, **COURTNEY MONTREZ GREEN**, by and through his undersigned counsel, hereby sues the Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE,** and alleges as follows:

## PARTIES

1. Plaintiff, **COURTNEY MONTREZ GREEN**, was and is a resident of and domiciled in the State of Georgia and resides in Albany, Dougherty County, Georgia.

2. At all times material, Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE** (herein referred to Carnival or Defendant or the cruise line) was and is a citizen of the foreign nation of Panama and incorporated in the State of Florida and maintains its principal place of business in the State of Florida, located at: 3655 NW 87 Avenue, Doral, FL 33178.

## JURISDICTION AND VENUE

3. This Court has jurisdiction based on diversity of citizenship 28 USC §1332 because this is an action for damages that exceeds this Court's minimum jurisdictional requirements, to

wit, $75,000.00, exclusive of all interest and costs; and the parties are completely diverse as the Plaintiff is from Georgia and the Defendant is from Florida.

4. This Court has jurisdiction over this matter pursuant to 28 USC §1333(1) (admiralty) and the contractual language contained in the cruise ticket.

5. Venue in the United States District Court for Southern District of Florida is appropriate pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and Defendant.

6. At all times material, Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE** personally or through an agent:

   A. Operated, conducted, engaged and/or carried on a business venture in the State of Florida, and in particular Miami-Dade County, Florida;

   B. Maintained its principal place of business in Miami-Dade County, Florida;

   C. Was engaged in substantial business activity in the State of Florida, and in particular, in Miami-Dade County, Florida;

   D. Operated vessels and provided vessels for cruises in the waters of this state;

   E. Committed one or more acts as set forth in F.S. §§ 48.081, 48.181 and 48.193, which submit Defendant to the jurisdiction and venue of this Court. Further, Defendant is subject to the jurisdiction of the Court due to the foregoing and 28 U.S.C. § 1333;

   F. The acts of Defendant set out in the Complaint occurred in whole or in part in Miami-Dade County and/or the State of Florida.

7. All conditions precedent to the institution of this action have been satisfied, or otherwise excused, including the pre-suit notice required by the terms and conditions of Defendant's cruise ticket.

## GENERAL ALLEGATIONS

8. On or about July 13, 2019[1], the Plaintiff, **COURTNEY MONTREZ GREEN**, was lawfully and legally on board the *Carnival Ecstasy* as an invitee and paying passenger with the actual and/or constructive consent of Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE**.

9. On or about July 13, 2019, the Defendant owned and operated a passenger cruise ship known as the *Carnival Ecstasy*, such vessel being used as a passenger cruise vessel.

10. On or about July 13, 2019, Plaintiff was walking on Deck Ten (10) *Carnival Ecstasy* and had just entered the buffet area adjacent to the Lido Deck.

11. Plaintiff proceed towards the buffet and began to select food.

12. Suddenly and without warning, while walking in the buffet area, Plaintiff slipped and fell due to grease, oil, food residue, and/or slippery foreign transitory substance.

13. Adjacent to Plaintiff was his girlfriend who also slipped, but luckily was not seriously injured.

14. After falling and suffering serious injury, Plaintiff was informed that, prior to his slip and fall, another passenger had dropped a hamburger including condiments (such as ketchup, mustard etc.).

15. Prior to Plaintiff's slip and fall, a Carnival Crewmember attempted to *clean up* the area, where the hamburger had previously fallen, with a napkin. The crewmember did not use a mop or cleaning method required by Carnival's internal policies and procedures and as a result did not fully clean the area- specifically the grease, oil, food residue, and/or slippery foreign transitory substance.

---

[1] By written agreement between the parties, the statute of limitation was extended to 03/07/2022.

16. Further, the crewmember failed to warn passengers or other crewmembers of this slippery area by placing a warning sign notifying others of this dangerous condition, also in violation of Carnival's internal HESS policies and procedures.

17. Carnival Security and a wheelchair were brought to the incident area.

18. Plaintiff attempted to take photographs of the incident area. However, Carnival prevented Plaintiff from taking any pictures and it was explained to that pictures "were not allowed". Plaintiff was trying to document that area was improperly cleaned and the grease, oil, food residue, and/or slippery foreign transitory substance was present at the time of Plaintiff's slip and fall.

19. Undoubtedly, Carnival Security officers took many pictures of the area, the hazardous condition created by the crewmembers' failures, and the Plaintiff, while denying Plaintiff an opportunity to similarly document the facts of his injury incident.

20. Prior to the subject cruise, Mr. Green had knee surgery on his right knee. At the time of incident, Mr. Green reinjured his surgically repaired knee resulting in additional surgeries.

21. Defendant knows spills and wet decks frequently occur on their deck surfaces, particularly those with food and beverage service and amenities.

22. Defendant is aware that many accidents occur from falls due to wet and/or slippery deck surfaces, requiring outdoor deck surfaces to have non-slip coverings, adequate handrails and to be regularly maintained, swept, mopped, and properly cleaned.

23. Defendant is aware that improper cleaning of foreign transitory substances, including greasy food spills create a hazardous condition if not executed properly, and lead to more injuries, and has therefore developed detailed rules, policies, and procedures (HESS

policies and procedures) for these purposes, to minimize the risk of the very injury suffered by Plaintiff as alleged.

## **COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT**

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 20 as though originally stated herein.

24. On or about July 13, 2019, while aboard the *Carnival Ecstasy*, the Plaintiff, **COURTNEY MONTREZ GREEN**, slipped and fell on grease, oil, food residue, and/or slippery foreign transitory substance on an improperly and insufficiently cleaned deck floor surface while walking in the food service area on Deck Ten (10). As a result of this fall, Plaintiff sustained serious and permanent injuries to his right knee and right leg.

25. This dangerous condition was known to the Defendant or had existed for a sufficient length of time, such that the Defendant should have known, or discovered its existence through the exercise of reasonable care.

26. This dangerous condition was also known to the Defendant because it trains its crew of the hazards of food spills and the need to identify, recognize and remedy these spills in a timely fashion.

27. At all times material hereto Defendant, **CARNIVAL CORPORATION**, owed a duty to Plaintiff and other similarly situated passengers to exercise reasonable care under the circumstances.

28. At all times material hereto, it was the duty of Defendant to warn passengers, such as like Plaintiff, of dangers that were known, or reasonably should have been known, to Defendant

    in places where passengers, such as Plaintiff, are invited to or may reasonably be expected to visit.

29. Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   A. Failure to warn the Plaintiff of the slippery foreign transitory substance, dirty, and/or slippery condition of the subject area; and/or

   B. Failure to warn the Plaintiff of the risks and/or dangers associated with the slippery foreign transitory substance, dirty, and/or slippery condition of the subject area, including but not limited to hazardous co-efficiency of friction in light of the slippery foreign transitory substance, dirty, and/or slippery condition of the flooring surface; and/or

   C. Failure to warn passengers and the Plaintiff of other slip and fall accidents previously occurring in same area, same deck and/or same flooring surface.

30. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have walked on the slippery foreign transitory substance, greasy, dirty, and/or slippery condition of the subject area had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

31. At all times material hereto, the surface of the subject area was greasy, dirty, slippery, and unreasonably dangerous.

32. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that

Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them.

33. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area, and its HESS policies, procedures and crew training materials.

34. As a direct and proximate result of Defendant's negligence, Plaintiff, **COURTNEY MONTREZ GREEN**, suffered bodily injuries resulting in pain and suffering; physical and mental pain and anguish; disability; loss of capacity for the enjoyment of life; expense of hospitalization, surgery, and medications; loss of earnings in the past, loss and/or impairment of the ability to earn money; expenses for physical and occupational therapy, and medical expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses into the future.

35. **WHEREFORE**, Plaintiff, **COURTNEY MONTREZ GREEN**, demands judgment, interest and costs against Defendant, **CARNIVAL CORPORATION**, and any such other relief to which the Plaintiff may be justly entitled.

## COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 20 as though originally stated herein.

36. On July 13, 2019, while aboard the *Carnival Ecstasy*, the Plaintiff, **COURTNEY MONTREZ GREEN**, slipped and fell on grease, oil, food residue, and/or slippery foreign transitory substance on an improperly cleaned deck floor surface while walking on Deck

Ten (10). As a result of this fall, Plaintiff sustained serious and permanent injuries to his right knee and right leg.

37. This dangerous condition was known to the Defendant or had existed for a sufficient length of time, such that the Defendant should have known, or discovered its existence through the exercise of reasonable care.

38. At all times material hereto Defendant, **CARNIVAL CORPORATION**, owed a duty to Plaintiff and other similarly situated passengers to exercise reasonable care under the circumstances.

39. Defendant and/or its agents, servants and/or employees breached its duty to maintain through the following acts and/or omissions:

   A. Failure to adequately and regularly inspect the walkways near the Deck Ten (10) buffet and Lido Deck area to determine whether it was unreasonably dirty and/or slippery and/or contained a foreign transitory substance; and/or

   B. Failure to maintain the walkways near the Deck Ten (10) buffet and Lido Deck area in a reasonably safe condition in light of the anticipated use of the area; and or

   C. Failure to sufficiently and adequately clean the subject area; and/or

   D. Failure to maintain the surface of the walkways near the Deck Ten (10) buffet and Lido Deck area in a reasonably safe condition if/when the floor became greasy, dirty and/or slippery, including, but not limited to, closing off the areas that were dangerously slippery, placing signage to caution passengers of hazardous areas, and or directing passengers to safe areas during the process of clean up, as required by its HESS policies and procedures.

40. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or properly and sufficiently maintain the walkways near the Deck Ten (10) buffet and Lido Deck area.

41. At all times material hereto, the surface of the walkways near the Deck Ten (10) buffet and Lido Deck area was greasy, dirty, slippery, and unreasonably dangerous.

42. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the walkways near Deck Ten (10) buffet and Lido Deck area and/or through prior incidents involving passengers injured due to the slippery and/or dirty floor on Defendant's vessels and/or other vessels reported within the cruise industry.

43. As a direct and proximate result of Defendant's negligence, Plaintiff, **COURTNEY MONTREZ GREEN**, suffered bodily injuries resulting in pain and suffering; physical and mental pain and anguish; disability; loss of capacity for the enjoyment of life; expense of hospitalization, surgery, and medications; loss of earnings in the past, loss and/or impairment of the ability to earn money; expenses for physical and occupational therapy, and medical expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses into the future.

44. **WHEREFORE**, Plaintiff, **COURTNEY MONTREZ GREEN**, demands judgment, interest and costs against Defendant, **CARNIVAL CORPORATION**., and any such other relief to which the Plaintiff may be justly entitled.

### COUNT III – CARNIVAL'S VICARIOUS LIABILITY
### FOR THE ACTIVE NEGLIGENCE OF ITS EMPLOYEE

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 20 as though originally stated herein.

45. On July 13, 2019, while aboard the *Carnival Ecstasy*, the Plaintiff, **COURTNEY MONTREZ GREEN**, slipped and fell on grease, oil, food residue, and/or slippery foreign transitory substance on an improperly cleaned deck floor surface while walking on Deck Ten (10). As a result of this fall, Plaintiff sustained serious and permanent injuries to his right knee and right leg.

46. At all times material hereto, Carnival and Carnival's crewmembers owed a duty to Plaintiff, **COURTNEY MONTREZ GREEN**, to exercise reasonable care under the circumstances for his safety.

47. In this claim of vicarious liability against Carnival for the active negligence of its employee notice to Carnival is not required. However, although notice is irrelevant to a claim for vicarious liability due to the active negligence of Carnival's crewmember, Carnival was on notice of a prior incidents involving passengers suffering slip and falls on Deck Ten (10) in the buffet and Lido Deck area.

48. Carnival's crewmember did not take sufficient precaution to protect Carnival's passengers when cleaning up the buffet area after a known spillage of food and/or foreign transitory substance.

49. Carnival's crewmember did not take sufficient precaution to protect Carnival's passengers when warning of the known spillage of food and/or foreign transitory substance.

50. Therefore, Carnival's crewmember breached his duty of care to Plaintiff and is therefore vicariously liable for the active negligence of its employee for failing to properly clean up the known spillage of food and/or foreign transitory substance, in failing to act reasonably in a manner that would keep Plaintiff safe, in failing to exercise reasonable care under the circumstance, and in failing to warn the Plaintiff and fellow passengers of this dangerous condition.

51. As a direct and proximate result of the active negligence of Carnival's Employee, for which Carnival is vicariously liable, Plaintiff, **COURTNEY MONTREZ GREEN**, suffered bodily injuries resulting in pain and suffering; physical and mental pain and anguish; disability; loss of capacity for the enjoyment of life; expense of hospitalization, surgery, and medications; loss of earnings in the past, loss and/or impairment of the ability to earn money; expenses for physical and occupational therapy, and medical expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses into the future.

52. **WHEREFORE**, Plaintiff, **COURTNEY MONTREZ GREEN**, demands judgment, interest and costs against Defendant, **CARNIVAL CORPORATION**., and any such other relief to which the Plaintiff may be justly entitled.

### COUNT IV – GENERAL NEGLIGENCE AGAINST DEFENDANT

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 20 as though originally stated herein.

53. On July 13, 2019, while aboard the *Carnival Ecstasy*, the Plaintiff, **COURTNEY MONTREZ GREEN**, slipped and fell on grease, oil, food residue, and/or slippery foreign transitory substance on an improperly cleaned deck floor surface while walking on Deck Ten (10). As a result of this fall, Plaintiff sustained serious and permanent injuries to his right knee and right leg.

54. This dangerous condition was known to the Defendant or had existed for a sufficient length of time, such that the Defendant should have known, or discovered its existence through the exercise of reasonable care.

55. At all times material hereto Defendant, **CARNIVAL CORPORATION**, owed a duty to Plaintiff and other similarly situated passengers to exercise reasonable care under the circumstances.

56. Defendant and/or its agents, servants and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances through the following acts and/or omissions:

    A. Failure to close off the dirty and/or slippery areas on the deck; and/or

    B. Failure to correct hazardous conditions following other slip and fall accidents on the same area, same deck and/or same flooring surface; and/or

    C. Failure to promulgate and/or enforce adequate procedures to keep the subject flooring area free of foreign transitory substances and/or debris; and/or

    D. Failure to adequately test the coefficient of friction and slip resistance of the flooring surface before opening it up to passengers and the Plaintiff.

57. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

58. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the walkways near Deck Ten (10) buffet and Lido Deck area and/or through prior incidents involving passengers injured due to the wet and slippery surface of the walkways near Deck Ten (10) buffet and Lido Deck area on Defendant's vessels and/or other vessels reported within the cruise industry.

59. As a direct and proximate result of Defendant's negligence, Plaintiff, **COURTNEY MONTREZ GREEN**, suffered bodily injuries resulting in pain and suffering; physical and mental pain and anguish; disability; loss of capacity for the enjoyment of life; expense of hospitalization, surgery, and medications; loss of earnings in the past, loss and/or impairment of the ability to earn money; expenses for physical and occupational therapy, and medical expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses into the future.

60. **WHEREFORE**, Plaintiff, **COURTNEY MONTREZ GREEN**, demands judgment, interest and costs against Defendant, **CARNIVAL CORPORATION**, and any such other relief to which the Plaintiff may be justly entitled.

Dated: January 14, 2022

HOLZBERG LEGAL
Offices at Pinecrest II, Suite 220
7685 S.W. 104th Street
Miami, Florida 33156
Telephone: (305) 668-6410
Facsimile: (305) 667-6161

BY: ***/s/Glenn J. Holzberg***
     GLENN J. HOLZBERG
     Fla. Bar # 369551