UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-20192 -BLOOM/Otazo-Reyes

COURTNEY MONTREZ GREEN,

    Plaintiff,

v.

CARNIVAL CORPORATION,
doing business as
Carnival Cruise Line,

    Defendant.
_____/

### ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's ("Defendant") Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. [24] ("Motion"). Plaintiff Courtney Montrez Green ("Green") filed a Response in Opposition, ECF No. [27] ("Response"), to which Defendant filed a Reply, ECF No. [28] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I.    BACKGROUND**

On January 14, 2022, Plaintiff initiated this action against Defendant, ECF No. [1] ("Initial Complaint"), and thereafter filed his First Amended Complaint. *See* ECF No. [4] ("FAC"). On April 11, 2022, Defendant filed its first Motion to Dismiss, ECF No. [10], and Plaintiff responded by filing his operative Second Amended Complaint. *See* ECF No. [21] ("SAC"). In the SAC, Plaintiff asserts four counts: Negligent Failure to Warn ("Count I"); Negligent Failure to Maintain ("Count II"); Vicarious Liability for the Active Negligence of its Employee ("Count III"); and

Negligence Against Defendant for Failure to Follow Policies and Procedures ("Count IV"). *See id*.

In the instant Motion, Defendant seeks to dismiss the SAC because (1) Count I fails to properly plead a negligent failure to warn claim; (2) Counts II and IV fail to properly plead a negligent maintenance claim and a negligent failure to follow policies and procedures claim; (3) Count III improperly reframes Plaintiff's claims for negligent failure to warn and negligent maintenance as a vicarious liability claim in an attempt to avoid the notice requirements for those claims; and (4) Count IV is a shotgun pleading. *See id.* Plaintiff responds that (1) the SAC properly pleads notice for Counts I, II, and IV; (2) the SAC sufficiently pleads Defendant's violation of industry standards; (3) Plaintiff is not required to allege that the dangerous condition was not open and obvious; (4) the SAC properly pleads vicarious liability in Count III; and (5) Count IV is not shotgun pleading. *See* ECF No. [27].

## II.   LEGAL STANDARD

### A.  Failure to State a Claim

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929, (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief

above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

**B. Shotgun Pleading**

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x. 274, 277 (11th Cir. 2008) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001)). "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)).

Overall, shotgun pleadings do not establish a connection between "the substantive count and the factual predicates . . . [and] courts cannot perform their gatekeeping function with regard to the averments of [the plaintiff's claim]." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006). The Eleventh Circuit has identified four types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Merch. One, Inc. v. TLO, Inc.*, No. 19-CV-23719, 2020 WL 248608, at *3 (S.D. Fla. Jan. 16, 2020) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (footnotes omitted)). Shotgun pleadings are condemned by the Eleventh Circuit, which has specifically instructed district courts to dismiss shotgun pleadings as "fatally defective." *B.L.E. v. Georgia*, 335 F. App'x. 962, 963 (11th Cir. 2009) (citations omitted).

### C. General Maritime Law

In cases involving alleged torts "committed aboard a ship sailing in navigable waters," the applicable substantive law is general maritime law, the rules of which are developed by the federal courts. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959)); *see also Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Because this is a maritime tort, federal admiralty law should control. Even when the parties allege diversity of citizenship as the basis of the federal court's jurisdiction (as they did in this case), if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case."). In the absence of well-developed maritime law, courts may supplement the maritime law with general common law and state law

principles. *See Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011).

## III. DISCUSSION

### A. Count I[1]

Defendant first argues that Plaintiff fails to properly plead a claim for negligent failure to warn in Count I. *See* ECF No. [24] at 2-6. Defendant submits that Plaintiff does not allege any facts that establish Defendant's notice. *See id.* at 2-5 (citing *Weiner v. Carnival Cruise Lines*, No. 11-CV-22516, 2012 WL 5199604, at *3 (S.D. Fla. Oct. 22, 2012); *Moseley v. Carnival Corp.*, 593 F. App'x 890, 891-93 (11th Cir. 2014)). The SAC's allegations regarding prior substantially similar incidents do not constitute allegations of notice because the incidents merely support "a generalized theory of foreseeability" and do not answer "questions of how and why Defendant knew or should have known of the conditions." *Id.* at 4-5 (citing *Harding v. NCL (Bah.) Ltd.*, 90 F. Supp. 3d 1305, 1307 (S.D. Fla. 2015); *Holland v. Carnival Corp.*, No. 20-21789-CIV, 2021 WL 86877, at *2 (S.D. Fla. Jan. 11, 2021)) (emphasis omitted); *see also id.* at 9-15. Plaintiff also failed to allege "the length of time for which the alleged dangerous condition existed prior to Plaintiff's alleged incident" to establish constructive notice. *Id.* at 5. In addition, Defendant argues that the SAC does not allege that the subject condition was not open and obvious. *See id.* at 5-6 (citing *Spall v. NCL Bah., Ltd.*, 275 F. Supp. 3d 1345, 1349 (S.D. Fla. 2016) (dismissing a complaint because the "Plaintiffs have failed to allege that any danger was not open and obvious to Plaintiff."); *Navarro v. Carnival Corp.*, No. 19-21072-CIV, 2020 WL 1307185, at *2 (S.D. Fla. 2020) (dismissing a complaint because it "fails to allege that the risk creating condition was 'not open and obvious.'" (citation omitted)).

---

[1] For clarity, the Court proceeds by analyzing the parties' arguments as they relate to each Count.

5

Plaintiff responds that the SAC alleges sufficient facts to evidence that Defendant was on actual and constructive notice of the dangerous condition. *See* ECF No. [27] at 2-6. Plaintiff submits that the SAC alleges that one of Defendant's crewmembers was aware of the dangerous condition and attempted to clean up the area, thus giving Defendant actual notice. *See id.* at 4. Further, Plaintiff argues that he properly alleged prior substantially similar incidents to establish constructive notice. *See id.* at 4-5. Plaintiff also argues that evidence of a corrective action can establish notice of a dangerous condition. *See id.* at 5-6. Lastly, Plaintiff points out that although he is not required to allege that the dangerous condition is not open and obvious at this stage of the proceedings, the SAC alleges that the danger was not open and obvious. *See id.* at 7-8 (citing *Joseph v. Carnival Corp.*, No. 11-20221-CIV, 2011 WL 3022555, at *4 (S.D. Fla. July 22, 2011); *Prokopenkov. Royal Caribbean Cruises Ltd.*, No. 10-20068-CIV-HUCK, 2010 WL 1524546 at *3 (S.D. Fla. Apr.15, 2010)).

The Court agrees with Plaintiff. "To prevail on a negligence claim, a plaintiff must show that '(1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm.'" *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (quoting *Chaparro*, 693 F.3d at 1336). Further, "[i]t is clearly established that cruise lines owe their passengers a duty to warn of known or foreseeable dangers." *Flaherty v. Royal Caribbean Cruises, Ltd.*, No. 15-22295, 2015 WL 8227674, at *3 (S.D. Fla. Dec. 7, 2015). However, in order to have a duty to warn of a danger, the cruise line must have "actual or constructive notice of the unsafe condition." *Horne v. Carnival Corp.*, 741 F. App'x 607, 608 (11th Cir. 2018) (citing *Keefe*, 867 F.2d at 1322).

The Court is not persuaded by Defendant's argument that Plaintiff fails to allege any facts to demonstrate notice and that the SAC's allegations regarding prior substantially similar incidents merely support a generalized theory of foreseeability. A review of the SAC indicates that Plaintiff alleged that Defendant's crewmember was aware of and attempted to correct the dangerous condition, thus alleging Defendant's actual notice. *See* ECF No. [21] ¶ 16. In addition, as Plaintiff correctly notes, "a plaintiff may establish constructive notice with evidence of substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident." *Cogburn v. Carnival Corp.*, No. 21-11579, 2022 WL 1215196, at *4 (11th Cir. Apr. 25, 2022) (citation and internal quotation marks omitted). Here, Plaintiff alleges fifteen (15) prior substantially similar incidents. *See* ECF No. [21] ¶ 25. Those factual allegations do not merely support a generalized theory of foreseeability. Rather, the allegations support that Defendant was on constructive notice of a risk-creating condition that was recurring in the same location on its vessels.[2]

Defendant's reliance on *Moseley*, 593 F. App'x at 891-93, is unavailing for similar reasons. In that case, the complaint did not contain any specific facts alleging notice and only set forth a "mere possibility of misconduct." *Id.* at 893. Here, the SAC alleges that at least one crewmember knew of the dangerous condition to establish actual notice and fifteen (15) prior substantially similar incidents to establish constructive notice. *See* ECF No. [21] ¶¶ 16, 25; *see also Cogburn*, 2022 WL 1215196, at *4. In addition, Defendant relies on *Harding* to argue that Plaintiff must plead additional factual allegations to establish how and why the prior incidents gave Defendant

---

[2] In *Cogburn*, 2022 WL 1215196, the Eleventh Circuit was reviewing a district court's ruling on a motion for summary judgment, not a motion to dismiss. Nonetheless, the case is instructive in establishing that prior substantially similar incidents can provide the basis for constructive notice. If evidence of prior substantially similar incidents can provide the basis for constructive notice for summary judgment purposes, then logically, allegations of prior substantially similar incidents are sufficient to allege constructive notice to survive a motion to dismiss.

constructive notice. However, *Harding* did not involve allegations of constructive notice through substantially similar incidents and the court did not decide whether such allegations could establish Defendant's notice. *See* 90 F. Supp. 3d at 1308 (describing the complaint as "threadbare recitals of the elements of a cause of action"). Similarly, to the extent that Defendant relies on *Holland*, 2021 WL 86877, at *2, to argue that allegations regarding the "frequent nature of prior slip and fall incidents" in the area in question are insufficient to allege constructive notice, the Court is not persuaded. In *Holland*, the complaint alleged, in a conclusory manner, that "[a]t all material times, the Defendant had actual and/or constructive notice of the dangerous condition described above . . . . There are frequently spills on the staircase, a fact that Carnival is aware of due to the frequent nature of prior slip and fall incidents on this staircase." *Holland*, No. 20-21789-CIV, ECF No. [18] ¶ 14. The plaintiff in *Holland* spoke only in terms of generalities and made no specific factual allegation regarding any prior substantially similar accident to demonstrate that there were prior slip and fall incidents on the staircase in question. *See id.* In contrast, Plaintiff has set forth specific factual allegations regarding fifteen (15) prior substantially similar incidents as noted above. *See* ECF No. [21] ¶ 25.[3] As such, *Moseley*, *Harding*, and *Holland* are distinguishable.[4]

Next, regarding the allegations of the open and obvious nature of the danger, contrary to Plaintiff's argument, Plaintiff is required to allege that the danger was not open and obvious. *See Spall*, 275 F. Supp. 3d at 1349 (dismissing a motion to dismiss because "Plaintiffs have failed to allege that any danger was not open and obvious to Plaintiff[s]."). Plaintiff's reliance on *Joseph*, 2011 WL 3022555, at *4, and *Prokopenkov*, 2010 WL 1524546 at *3, are unavailing. In those

---

[3] The Court reserves ruling on whether the incidents are, in fact, substantially similar as to give notice for a later stage. For now, the purportedly substantially similar incidents are sufficient to support that Defendant had constructive notice.

[4] Given the Court's determination, the Court need not address whether allegations of the length of time the dangerous condition existed or corrective measures taken also establish constructive notice.

8

cases, the courts refused to make a factual determination as to whether the danger was not open and obvious at the motion to dismiss stage. While Plaintiff is required to allege that the danger was not open and obvious, the Court reserves ruling on whether the danger was, in fact, not open and obvious for a later stage.

Upon review of the SAC, it is apparent that Plaintiff does allege that the danger was not open and obvious. The SAC states that as follows:

> 12. Suddenly and without warning, while walking in the buffet area, Plaintiff slipped and fell due to grease, oil, food residue, and/or slippery foreign transitory substance.
>
> 13. This dangerous condition was not open and obvious and the Plaintiff who had no way of knowing the existence of this condition. There was nothing he could have done to prevent this incident.

ECF No. [21] ¶¶ 12-13. By its plain terms, paragraph 13 alleges that the "dangerous condition was not open and obvious." *Id.* ¶ 13. While the paragraph is conclusory, it is supported by the factual allegation in paragraph 12 that "Plaintiff slipped and fell due to grease, oil, food residue, and/or slippery foreign transitory substance." *Id.* ¶ 12. The Court can reasonably infer in favor of Plaintiff, as the Court must at this stage of the proceedings, that the danger was not open and obvious given the inconspicuous nature of grease and oil.

In sum, Plaintiff sufficiently alleges a claim for negligent failure to warn.

**B. Count II**

Defendant next argues that Plaintiff fails to properly plead a claim for negligent failure to maintain in Count II. *See* ECF No. [24] at 6-15. Defendant mostly repeats its prior argument based on the lack of notice but cites several additional cases, including *Malley v. Royal Caribbean Cruises Ltd*, 713 F. App'x 905, 906-08 (11th Cir. 2017), *Taiariol v. MSC Crociere S.A.*, 677 F. App'x 599, 601 (11th Cir. 2017), and *Joseph v. Carnival Corp.*, No. 11-20221-CIV, 2011 WL 3022555, at *4 (S.D. Fla. July 22, 2011). Defendant argues that a cruise line's general awareness

that passengers can become injured on its ships does not put the cruise line on notice of the specific risk-creating condition in a given case. Defendant also cites *Carter v. Frito-Lay, Inc.*, 144 F. App'x 815, 816 (11th Cir. 2005), to argue that unsupported conclusions of law or of mixed fact and law do not prevent a dismissal. ECF No. [24] at 15.

For the reasons stated above, the Court is not persuaded, and the additional cases are distinguishable. In *Joseph*, 2011 WL 3022555, at *4, the court determined that the plaintiff's wrongful death claims against a cruise line – arising from a parasailing accident caused by an unidentified third-party parasail vendor – should be dismissed because the cruise line did not have specific notice of the danger. The court held that "[g]eneral allegations regarding prior deaths due to the latent dangers of parasailing and the fact that some of these deaths occurred in Cozumel are simply insufficient" to impose a duty on the cruise line. *Id.* at 4. In contrast, this case does not involve a third-party vendor who caused Plaintiff's accident. Rather, the accident occurred on Defendant's vessel, which was maintained by Defendant's employees, at least one of whom knew of the dangerous condition. *See* ECF No. [21] ¶ 16. Further, the SAC does not allege that the food service areas posed a latent danger nor does the SAC include a general allegation that some accidents have happened in the past. Rather, the SAC specifically alleges fifteen (15) prior substantially similar incidents in the lido deck food service areas. *See* ECF No. [21] ¶ 25.

*Malley* is similarly inapposite because the court based its decision on the fact that there was no evidence of prior substantially similar incidents. 713 F. App'x at 908 ("[T]here is no evidence that anyone else has ever fallen on the coaming. There is not even evidence that anyone else had a close call or complained about the height."). Further, in *Taiariol*, 677 F. App'x at 601, the Eleventh Circuit affirmed the dismissal of the plaintiff's negligence claim at summary judgment because the district court appropriately determined that the prior incidents were not substantially similar.

At this stage of the proceedings, allegations of prior substantially similar incidents are sufficient to defeat a motion to dismiss. Finally, *Carter*, 144 F. App'x at 816-18, is also inapposite because that case only involved unsupported conclusory allegations, and no allegations of prior substantially similar incidents.[5]

As such, Plaintiff sufficiently alleges a claim for negligent failure to maintain.

### C. Count III

Defendant argues that Count III improperly reframes Plaintiff's claims for negligent failure to warn and negligent maintenance as a vicarious liability claim. *See* ECF No. [24] at 15-21. Defendant relies on *Britt v. Carnival Corp.*, No. 1:21-CV-22726-KMM, 2021 WL 6138848, at *5 (S.D. Fla. Dec. 29, 2021), and *Quashen v. Carnival Corp.*, No. 1:20-CV-22299-KMM, 2021 WL 5978472, at *18 (S.D. Fla. Dec. 17, 2021), to argue that Count III should be dismissed because Plaintiff is attempting to avoid the notice requirement of the failure to warn and failure to maintain claims by asserting a vicarious liability claim. *See id.* at 16-18 (citing ECF No. [21] ¶ 51). In addition, Defendant avers that Plaintiff fails to allege (1) how Defendant's employees were involved, (2) which employees were in charge of the area of the vessel at issue, (3) the name and title of any crewmember who caused the incident, and (4) any other factually relevant details. *See id.* at 19-21 (citing *Hodson v. MSC Cruises, S.A.*, No. 20-22463-CIV, 2021 WL 3639752 (S.D. Fla. Aug. 2, 2021)).

Plaintiff responds that pursuant to *Yusko v. NCL (Bah.)*, 4 F.4th 1164, 1170 (11th Cir. 2021), Plaintiff is permitted to bring his claim under a theory of direct liability, vicarious liability, or both. *See* ECF No. [27] at 8-9. Plaintiff also argues that *Hodson* is distinguishable because the

---

[5] Given the Court's determination, the Court need not address whether the existence of policies and procedures to clean transitory substances or the creation of the dangerous condition by Defendant also establishes notice.

plaintiff in that case failed to set forth evidence to support her vicarious liability claim, not because the plaintiff was required to name which of the defendant's employees were involved in the alleged negligence. *See id.* at 9-10.

The Court agrees with Plaintiff. In *Yusko*, 4 F.4th at 1170, the Eleventh Circuit held that "a passenger need not establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees." Thus, plaintiffs are generally not required to allege actual or constructive notice of the danger to assert claims of vicarious liability. However, the Eleventh Circuit's holding does not permit plaintiffs to reframe their negligent failure to warn and failure to maintain claims as a vicarious liability claim in an obvious attempt to work around the notice requirement. *See Britt*, 2021 WL 6138848, at *5; *Quashen*, 2021 WL 5978472, at *18. In *Britt*, the plaintiff asserted a vicarious liability claim for negligent failure to warn and failure to maintain – count V – to work around the notice requirement for her preceding counts asserting negligent failure to warn and failure to maintain. The defendant filed a motion to dismiss the vicarious liability claim. The court held as follows, expressly citing *Yusko*:

> Given that the Eleventh Circuit in *Yusko* explicitly reaffirmed the notice requirement for negligent maintenance claims in *Everett* and for negligent failure to warn claims in *Chaparro v. Carnival Corp.*, 693 F.3d 1333 (11th Cir. 2012), this Court declines to excuse the notice requirement in this case for [c]ount V—Plaintiff cannot maintain a vicarious liability claim arising from allegations that Defendant's employees negligently mopped, and therefore negligently maintained Defendant's premises and failed to warn . . . . Accordingly, [c]ount V of Plaintiff's Complaint must be dismissed.

2021 WL 6138848, at *5. Thus, while plaintiffs are generally not required to allege actual or constructive notice of the danger to allege claims of vicarious liability, *see Yusko*, 4 F.4th at 1170, if plaintiffs are attempting to bypass the notice requirement of negligent failure to warn and failure to maintain claims by also asserting a claim for vicarious liability, then the vicarious liability claim

12

must be dismissed as improperly attempting to work around the notice requirement for negligent failure to warn and failure to maintain claims, *see Britt*, 2021 WL 6138848, at *5; *Quashen*, 2021 WL 5978472, at *18.

Plaintiff alleges, "although notice is irrelevant to a claim for vicarious liability due to the active negligence of Carnival's crewmember, Carnival was on notice of a [*sic*] prior similar incidents involving passengers suffering slip and falls on Deck Ten (10) at the buffet and Lido Deck food service areas." ECF No. [21] ¶ 51. Plaintiff is mistaken that notice is irrelevant. If Plaintiff were attempting to bypass the notice requirement for negligent failure to warn and failure to maintain claims by also asserting vicarious liability, then the failure to allege notice would be fatal to his vicarious liability claim. However, Plaintiff is not attempting to bypass the notice requirement of Counts I and II by asserting a vicarious liability claim under Count III. Plaintiff is plainly alleging notice in Count III. As such, dismissal of Count III is not warranted on the basis that it seeks to bypass the notice requirement.[6]

Having determined that Count III is not subject to dismissal on the basis of *Yusko*, the Court proceeds to address Defendant's argument that Plaintiff fails to set forth the necessary elements for vicarious liability. As an initial matter, Defendant's reliance on *Hodson*, 2021 WL 3639752, is unavailing because the court in that case was addressing a motion for summary judgment, not a motion to dismiss. The Court is unaware of any legal authority that requires the plaintiff to allege the names of the employees who were negligent at this stage of the proceedings. Rather, in order

---

[6] To the extent that Defendant appears to argue that the court in *Britt* ruled that *Yusko* established that "claims for negligent maintenance and failure to warn are limited to a theory of direct liability," the Court disagrees. 2021 WL 6138848, at *5. *Britt* and *Yusko* did not limit negligent maintenance and failure to warn claims as theories of direct liability *in all circumstances*. *Britt* merely held that plaintiffs may not work around the notice requirement by reframing negligence claims under a theory of vicarious liability. Furthermore, *Yusko* held that the "plaintiff is the master of his or her complaint and may choose to proceed under a theory of direct liability, vicarious liability, or both." 4 F.4th at 1170.

to allege vicarious liability, Plaintiff must allege that Defendant assented for its employees to act on its behalf and that the employees were subject to Defendant's control under classic agency principles. *See Flaherty v. Royal Caribbean Cruises, Ltd*., 172 F. Supp. 3d 1348, 1352 (S.D. Fla. 2016). Alternatively, Plaintiff must allege that Defendant made a manifestation that caused a third party to reasonably believe that the employees had the authority to act for the benefit of Defendant under a theory of apparent agency. *See id.*

In this case, Plaintiff does not make clear whether he is proceeding under classic agency principles or a theory of apparent agency. *See generally* ECF No. [21]. Nonetheless, under either theory, the SAC makes apparent that the employees were employed by Defendant and therefore acting on its behalf. *See* ECF No. [21] ¶¶ 49-57. The SAC further alleges that Defendant's employees were negligent in failing to warn and failing to maintain and thus breached their duty of care owed to Plaintiff, the breach actually and proximately caused Plaintiff's injury, and Plaintiff suffered actual harm. *See id*. Such allegations are sufficient to allege vicarious liability against Defendant.

As such, Plaintiff has properly alleged the elements for a vicarious liability claim.

**D. Count IV**

Defendant argues that Plaintiff fails to properly plead a claim for negligent failure to follow procedures and policies in Count IV. Defendant mostly repeats its prior argument based on the lack of notice. *See* ECF No. [24] at 6-15. For the reasons stated above, the Court finds that Plaintiff properly alleges notice through the crewmember who was aware of the danger and prior substantially similar incidents. *See* ECF No. [21] ¶¶ 16, 25.

Defendant also argues that Count IV is a shotgun pleading. *See* ECF No. [24] at 21-23. Defendant avers that Plaintiff offers no additional factual allegations to support his claims in Count

IV and introduces no new legal theories for Defendant's breach of any duty. *See id.* Instead, Plaintiff merely recites the generalizations found in Counts I, II, and III. *See id.* The causes of action contained in Count IV of Plaintiff's SAC are separate causes of action that must be asserted independently and with additional supporting factual allegations. *See id.* at 22 (quoting *Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337 n.2 (S.D. Fla. 2012); quoting *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016)).

Plaintiff responds that Count IV is not a shotgun pleading. *See* ECF No. [27] at 10-12. Plaintiff submits that Count IV does not incorporate the allegations of other counts, does not fail to identify the facts relevant to each claim such that it is difficult to understand the factual allegations underlying each count, and instead includes allegations that sufficiently raise a reasonable expectation that discovery will reveal evidence corroborating his claims. *See id.*

The Court agrees with Plaintiff. The Court reiterates that the Eleventh Circuit has established four (4) types of shotgun pleadings. *See Weiland*, 792 F.3d at 1321-23. Count IV does not fall under any type. First, Count IV does not adopt the allegations of all preceding counts. *See* ECF No. [21] ¶¶ 58-66. Second, Count IV does not have conclusory, vague, and immaterial facts that are not connected to any particular cause of action. *See id.* Instead, Count IV alleges Defendant's failure to "close off the dirty and/or slippery areas on the deck[,]" "correct hazardous conditions[,]" "promulgate and/or enforce adequate procedures to keep the subject flooring area free of foreign transitory substances[,]" and "adequately test the coefficient of friction and slip resistance of the flooring surface before opening it up to passengers[.]" *See id.* ¶ 62. Such allegations are not conclusory and support a claim for Defendant's negligent failure to follow policies and procedures. To the extent that Defendant argues that such allegations are repetitive

and also support the preceding Counts, the Court notes that identical factual allegations can form the basis for multiple counts.

Third, Count IV need not be separated into different counts. The factual allegations support the single count of negligent failure to follow policies and procedures to keep the area in question safe for passengers. *See id.* ¶¶ 58-66. Further, Defendant's reliance on *Garcia*, 838 F. Supp. 2d at 1337 n.2, and *Brown*, 202 F. Supp. 3d at 1338, is unavailing. *Garcia* involved a complaint with twenty-one (21) breaches in a single count for a general failure to provide "reasonable care under the circumstances," 838 F. Supp. 2d at 1337, and *Brown* involved a complaint with forty-one (41) breaches of the defendant's "reasonable or ordinary duty of care," 202 F. Supp. 3d at 1338. In contrast, Count IV sets forth only four (4) breaches that coherently describe a breach of Defendant's duty to follow policies and procedures, not a generalized failure to provide reasonable care under the circumstances. *See* ECF No. [21] ¶ 62. Fourth, given that Plaintiff is asserting claims against Defendant only, Count IV obviously does not assert claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions.

As such, Count IV properly alleges notice and is not a shotgun pleading that warrants dismissal.

I. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [24]**, is **DENIED**.
2. Defendant shall file an Answer to Plaintiff's Second Amended Complaint, **ECF No. [21]**, by no later than **July 21, 2022**.

Case No. 22-cv-20192 -BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 11, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record